## JOHNSON v BRANNON

### Case No. 84-15124-12

Sixth Judicial Circuit, Pinellas County

July 7, 1987

### APPEARANCES OF COUNSEL

Christopher C. Ferguson, Riden, Watson & Goldstein, P.A., for plaintiff.

John T. Allen, Jr., John T. Allen, Jr., P.A., for defendant.

### OPINION OF THE COURT

HELEN S. HANSEL, Circuit Judge.

*FINAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANT,*
*MAGNOLIA MANOR HOME OWNER'S ASSOCIATION, INC.,*
*AND PARTIAL SUMMARY JUDGMENT IN FAVOR OF*
*DEFENDANT, PAUL W. BRANNON, AS TO COUNT II OF*
*PLAINTIFF'S SECOND AMENDED COMPLAINT*

THE FOREGOING CAUSE came on to be heard upon defendants' Motion for Summary Judgment and plaintiff's Motion for Summary Judgment. The depositions and affidavits on file show that there is no genuine issue of any material fact that the former park owner, PAUL W. BRANNON, was the *offeror* of the mobile home park for sale under Section 723.071(1)(a); (b), Fla. Stat. The Court construes Section 723.071(2), Fla. Stat., to provide for situations in which a third party is the *offeror*. Therefore, the Court finding that the former park owner, PAUL W. BRANNON, offered the mobile home park for sale within the meaning and intent of Section 723.071(a)(a), Fla. Stat., and that the plaintiff, RICHARD S. JOHNSON, was not the individual who initiated the offer as an offeror for the purchase of the mobile home park, the Court concludes that the defendant, MAGNOLIA MANOR HOME OWNER'S ASSOCIATION, INC., was entitled to the right of first refusal to purchase the mobile home park upon the same terms and conditions as the contract between the park owner, PAUL W. BRANNON, and RICHARD S. JOHNSON.

The assertions by the plaintiff that notification was not properly given by the defendant Home Owner's Association to the park owner, PAUL W. BRANNON, or that notification of acceptance was not communicated by mail by the Home Owner's Association to the former park owner, PAUL W. BRANNON, is without merit. The record is uncontested that PAUL W. BRANNON, as park owner, had actual notice of the incorporation of the Home Owner's Association, knew who its officers were, and in fact notarized the Articles of Incorporation and even encouraged the incorporation of the association to take advantage of the first right of refusal statute. Notification by the Home Owner's Association of acceptance of sale by mail instead of as apparently was done between counsel who closed the sale is not an objection which is available to a third party purchaser such as the plaintiff. As to both of these points, the Court finds that the law will not require a person to do a useless act and since there is no genuine issue of material fact either as to notice of incorporation of the Home Owner's Association or acceptance of the right of first refusal by the Home Owner's Association and its communication to the park owner, PAUL W. BRANNON, of this acceptance, summary judgment as to these points is in order. Therefore, it is

ORDERED AND ADJUDGED AS FOLLOWS:

1. Defendants, PAUL W. BRANNON and MAGNOLIA MANOR HOME OWNER'S ASSOCIATION, INC.'S Motion for Summary Judgment as to Count II, specific performance, be and the same is hereby GRANTED;

2. Defendants' Motion for Summary Judgment as to Counts I and III be and the same is hereby DENIED;

3. The Court having granted total and final relief as to the defendant, MAGNOLIA MANOR HOME OWNER'S ASSOCIATION, INC., it is ordered that final judgment be and the same is hereby entered for MAGNOLIA MANOR HOME OWNER'S ASSOCIA- TION, INC. and PAUL W. BRANNON on Count II, specific perfor- mance, against the plaintiff, RICHARD S. JOHNSON, and plaintiff, RICHARD S. JOHNSON, as to Count II, shall take nothing by his suit and defendants shall go hence without day;

4. Since this action is brought under Chapter 723, Fla. Stat., and Section 723.068, Fla. Stat., provides for the awarding of a reasonable attorney's fee to the prevailing party, the Court retains jurisdiction to determine entitlement to defendants, MAGNOLIA MANOR HOME OWNER'S ASSOCIATION, INC. and PAUL W. BRANNON, a reasonable attorney's fees plus costs of this action to be assessed at a later hearing. The Court specifically retains jurisdiction over the subject matter of this cause and the parties hereto for the entry of an order determining entitlement and, if so, assessing a reasonable attorney's fee for prevailing on Count II plus defendants' taxable costs.

DONE AND ORDERED in Chambers at St. Petersburg, Pinellas County, Florida, this 7th day of July, 1987.

RICHARD S. JOHNSON,

 Plaintiff,

vs.

PAUL W. BRANNON,

 Defendant.

_____/

### SECOND AMENDED COMPLAINT

Plaintiff sues Defendants, PAUL W. BRANNON and MAGNOLIA MANOR HOME OWNER'S ASSOCIATION, INC., a Florida corporation, and alleges as follows:

### COUNT I

1. This is an action for reformation of a written agreement for the sale of real estate located in Pinellas County, Florida.

2. Plaintiff and Defendant, PAUL BRANNON (hereinafter "BRANNON") are residents of Pinellas County, Florida.

3. Defendant, MAGNOLIA MANOR HOME OWNER'S ASSOCIATION, INC. (hereinafter "ASSOCIATION"), is a Florida corporation which maintains its principal place of business in Pinellas County, Florida.

4. On or about October 25, 1984, Plaintiff made a bona fide offer to purchase Magnolia Manor then owned by Defendant, BRANNON, which Defendant, BRANNON, intended to consider. At said time, Defendant, BRANNON, had never offered Magnolia Manor for sale at any price, terms or conditions.

5. All conditions precedent to the institution of this action have been performed, have occurred or have been waived.

6. On or about October 25, 1984, Plaintiff and Defendant, BRANNON, entered into a written agreement, a copy of which is attached hereto as Exhibit "A", whereby Plaintiff agreed to purchase from Defendant, BRANNON, and Defendant, BRANNON, agreed to sell to Plaintiff, certain real property located at approximately 4190 - 71st Street North, St. Petersburg, Florida

**105**

33709, and known as Magnolia Manor Mobile Home Park, together with all improvements, furniture, fixtures, furnishings and equipment used in the construction, operation and maintenance of the mobile home park, and an assignment of rents and leases incident thereto.

7. At the time at which they entered into the agreement, both Plaintiff and Defendant, BRANNON, intended that by virtue of the execution of this agreement, Plaintiff would be purchasing, and Defendant, BRANNON, would be selling the entire parcel known as Magnolia Manor Mobile Home Park, together with the aforementioned appurtenances incident thereto.

8. However, due to a mutual mistake of Plaintiff and Defendant, BRANNON, the description of the property, as set forth in the agreement, failed to express the true agreement of Plaintiff and Defendant, BRANNON, in that the description failed to encompass a material portion of the parcel known as Magnolia Manor Mobile Home Park.

9. The description of the property which, at the time of the execution of the agreement, Plaintiff intended to purchase and Defendant, BRANNON, intended to sell, is as follows:

> The North 3/4 of the Northeast 1/4 of the Southeast 1/4 of the Southwest 1/4 LESS the East 30' for the Street. Also the Southeast 1/4 of the Northeast 1/4 of the Southwest 1/4 LESS the east 396' all being in Section 6, Township 31 South, Range 16 East, together with improvements thereon; and together with all furnishings, equipment and fixtures used in the construction, operation and maintenance of the mobile home park, and an assignment of rents and leases incident thereto.

10. Plaintiff lacks an adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court reform the attached agreement by providing the property description which reflects the true agreement of Plaintiff and Defendant, BRANNON, as set forth in Paragraph 9 hereof, and awarding Plaintiff the costs of this action.

## COUNT II

11. This is an action for specific performance of a written agreement for the sale of real estate located in Pinellas County, Florida.

**106**

12. Plaintiff realleges the allegations of Count I, as though fully set forth herein.

13. On November 30, 1984, pursuant to the terms of the agreement, Plaintiff appeared at the offices of Defendant's, BRANNON, attorney for the closing of this agreement, and was fully ready, willing and able to tender the funds and other items necessary to close, and Plaintiff did in fact tender said funds and other items.

14. At the closing, Defendant, BRANNON, failed and refused, and Defendant, BRANNON, continues to fail and refuse to perform his obligations under the agreement by conveying the subject property to Plaintiff.

15. On December 5, 1984, Defendant, BRANNON, conveyed the subject property to Defendant, ASSOCIATION. A copy of the deed evidencing this conveyance is attached hereto as Exhibit "B".

16. By virtue of a letter dated November 26, 1984, a copy of which is attached hereto as Exhibit "C", Defendant, ASSOCIATION, was on actual notice with regard to the agreement between Plaintiff and Defendant, BRANNON, and with regard to the fact that Plaintiff was ready, willing and able, and fully intended to close on the agreement.

17. Plaintiff lacks an adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court enter its judgment for specific performance of the agreement, as reformed pursuant to Count I herein, and

A. Ordering Defendant, ASSOCIATION, to convey the subject property to Plaintiff, or in the alternative, ordering Defendant, ASSOCIATION, to convey the property to Defendant, BRANNON, and in turn ordering Defendant, BRANNON, to convey the property to Plaintiff; and

B. Awarding Plaintiff the costs of this action and such further relief as the Court may deem just and proper.

### COUNT III

18. This is an action for damages which exceed Five Thousand and No/100 Dollars ($5,000.00).

19. Plaintiff realleges paragraphs 2 through 7 inclusive of

**107**

Count I, and paragraphs 13 through 16 inclusive of Count II, as though all of which was fully set forth herein.

20. In addition to his contractual obligation to convey the subject property to Plaintiff, Defendant, BRANNON, had a duty incident to the agreement, to deal with Plaintiff in the utmost of good faith.

21. Defendant, BRANNON, breached his duty to deal with Plaintiff in the utmost of good faith in that:

A. During the negotiations leading to the execution of the agreement, Defendant, BRANNON, falsely advised Plaintiff that Defendant, BRANNON, was not aware of the existence of an incorporated homeowners association;

B. During said negotiations, Defendant, BRANNON, failed to advise Plaintiff that Defendant, BRANNON, was involved in negotiations with the homeowners association for the potential sale of the property; and

C. Defendant, BRANNON, entered into the agreement with Plaintiff as a means of prompting the homeowners association to come forth with a bona fide offer to purchase the property.

22. Defendant's, BRANNON, breach of his duty of good faith was willful, wanton and was undertaken with malicious and total disregard for Plaintiff's rights.

23. Plaintiff has incurred damages as a direct result of Defendant's, BRANNON, failure and refusal to convey the property to Plaintiff, which damages include, but are not limited to:

A. The earnest money which Plaintiff deposited with the escrow agent designated in the contract;

B. The difference between the contract price and the market value of the property; and

C. The loss of income and profits which would have accrued to Plaintiff from the operation of the mobile home park located on the property.

WHEREFORE, Plaintiff demands judgment against Defendant, BRANNON, for damages, both compensatory and punitive, together with interest, costs and such further relief as the Court may deem just and proper.

108

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U. S. mail to John T. Allen, Jr., Esquire, John T. Allen, P.A., 4508 Central Avenue, St. Petersburg, Florida 33711 this ___18th___ day of July, 1985.

CHRISTOPHER C. FERGUSON, ESQUIRE
RIDEN, WATSON & GOLDSTEIN, P.A.
City Center, North Tower
100 - 2nd Avenue South, Suite 400
St. Petersburg, Florida 33701
(813) 822-6000
Attorney for Plaintiff

109

IN THE CIRCUIT COURT FOR PINELLAS COUNTY, FLORIDA

CIRCUIT CIVIL NO. 84-15124-10

RICHARD S. JOHNSON,

 Plaintiff,

vs.

PAUL W. BRANNON,

 Defendant.

_____/

### ANSWER AND DEFENSES TO SECOND AMENDED COMPLAINT

The defendants, PAUL W. BRANNON and MAGNOLIA MANOR HOME OWNER'S ASSOCIATION, INC., a Florida corporation, as Answer and Defenses to plaintiff's Second Amended Complaint, say:

### FIRST DEFENSE
#### (As to Count I)

1. Defendants admit the allegations of paragraph 1.

2. Defendants admit the allegations of paragraph 2.

3. Defendants admit the allegations of paragraph 3.

4. Defendants deny the allegations of paragraph 4.

5. Defendants deny the allegations of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Defendants deny the allegations of paragraph 7.

8. Defendants deny the allegations of paragraph 8.

9. Defendants deny the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10.

#### (As to Count II)

11. Defendants admit the allegations of paragraph 11.

12. Defendants reallege and reaver their answer and defenses to all of the paragraphs of Count I of the Second Amended Complaint.

13. Defendants deny the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14.

15. Defendants deny the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

110

17. Defendants deny the allegations of paragraph 17.

(As to Count III)

18. Defendants deny the allegations of paragraph 18.

19. Defendants reallege and reaver their answer and defenses to paragraphs 2 through 7, inclusive, of Count I, and paragraphs 13 through 16, inclusive, of Count II, of plaintiff's Second Amended Complaint. •

20. Defendants deny the allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21 and each subparagraph (a through c, inclusive) of said paragraph.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23 and each subparagraph (a through c, inclusive) of said paragraph.

## SECOND DEFENSE
(As to All Counts)

Defendants say that the defendant, PAUL W. BRANNON, offered the mobile home park for sale and was required as a condition precedent under Section 723.071, Fla.Stat., to have offered it to the defendant, Home Owner's Association, or its predecessor and, therefore, such action constitutes a complete defense as to all actions brought in this cause.

## THIRD DEFENSE
(As to All Counts)

Defendants say that the defendant, PAUL W. BRANNON, was intoxicated at the time that he allegedly entered into the contract with the plaintiff, RICHARD S. JOHNSON, and therefore, the contract is voidable at defendant's option or in the alternative void due to the lack of capacity of PAUL W. BRANNON to contract.

111

## DEMAND FOR JURY TRIAL

The defendants demand trial by jury on all issues raised by Counts I, II and III.

I HEREBY CERTIFY that a copy of the foregoing has been furnished by mail to CHRISTOPHER C. FERGUSON, ESQUIRE, of Riden, Watson & Goldstein, P.A., City Center, North Tower, 100 Second Avenue South, Suite 400, St. Petersburg, FL 33701, Attorney for Plaintiff, this 23rd day of December, 1985.

JOHN T. ALLEN, JR. of
JOHN T. ALLEN, JR., P.A.
4508 Central Avenue
St. Petersburg, FL 33711
(813) 321-3273
Attorney for Defendants

112

APPROVED FORM

# Contract for Sale of Real Estate

St. Petersburg, Fla., _____10/25_____ 19_84_

RECEIVED of ___Richard S. Johnson and his Assignors_____

hereinafter called the purchaser, the sum of ( $5,000.00 ) _____ ;

__Five Thousand and no/100_____ DOLLARS,

as earnest money and in part payment on account of the purchase price of the following described real estate,

situate in the County of __Pinellas_____ and State of __Florida_____ to-wit:

Property known as Magnolia Manor located at 4190-71st Street, North, St. Petersburg, Florida 33709 but not limited to this exact address with the following legal descriptions: 06/31/16/00000/310/2100 from NE cor of SE 1/4 of SW 1/4 run W 33 ft. to W R/ 71st St for POB TH S etc. and 06/31/16/00000/340/0300 N 110 ft. of S 180 of E 180 ft. of N 3/4 of NE 1/4 of SE 1/4 of SW 1/4 less etc.

the TOTAL purchase price being ($1,300,000.00)
_____ DOLLARS

Payment to be made as follows: Earnest money as acknowledged above _____ $5,000.00
　　　　　CASH, upon closing deal_____ $295,000.00

Buyer to be able to assume a first mortgage in the amount of approximately $231,475.00 and a second mortgage in the amount of approximately $84,061.00 with the seller to take back a third mortgage in the approximate amount of $684,000.00 which is the difference between the balance at closing of the first and second mortgage and the downpayment of $300,000.00 from the selling price. This third mortgage to bear interest at the rate of 10% per annum with monthly payments in the amount of $7,000.00 per month principal and interest with note maturing in 20 years from date of first payment. This Contract is continued on Page 2 attached to and made a part of this Contract.

Said deposit is received and held by the broker, subject to the following conditions:

1. That __Ticor Title Company__ shall hold earnest money or deposit and act as escrow agent until closing of deal; that __one (1)__ days shall be given for obtaining the owner's acceptance; and, in event of the owner's non-acceptance, this deposit shall be promptly return to the purchaser.

2. That __title insurance commitment__ showing good and merchantable title, shall be delivered to the purchaser, and it is agreed that this transaction shall be closed and the purchaser shall pay the balance of the first payments and execute all papers necessary for the completion of his purchase within __14__ days from the delivery or tender to him of __title insurance commitment__. However should the title prove defective, then the seller shall have a reasonable time, after due notice of such defect or defects, to remedy the title in a manner satisfactory to purchaser's attorney, or sufficient for the purchaser to obtain title insurance policy; after which time, if such defect or defects are not corrected so that there is a merchantable title, then the purchaser may, at his option, withdraw said deposit and be relieved from all obligations hereunder.

3. That the property shall be conveyed by __Warranty Deed__ deed, and shall be free and clear of all encumbrances except __restrictions and easements of record__

That possession will be given __on date of closing set for 11/30/84__ and a pro-rate (or as soon after 11/30/84 as possible) made as of date of closing of the following items: taxes, insurance, rents utilities, interest, etc.

4. The risk of loss or damage to said premises by fire or otherwise, until the exchange of deeds, is assumed by the Seller. Installed water meters are considered a part of the realty described herein, and the property is being sold subject to restrictions of record.

5. That in case of the failure of the purchaser to make either of the payments, or any part thereof, or to perform any of the covenants on his part made or entered into, this contract shall, at the option of the Seller, be terminated and the purchaser shall forfeit said earnest money or deposit; and the same shall be retained by the Seller, as liquidated damages, and the escrow agent is hereby authorized by the purchaser to pay, over to the Seller the earnest money or deposit.

6. That time is an essential part of this agreement, and that all covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties.

By _Paul W. Brannon_

I hereby agree to purchase the above described property at the price and upon the terms and conditions above set forth.

Witnesses:

_____ (Seal)

_____ (Seal)
　　　　　　　　　　　　　　　　　Purchaser

113

_____I_____ hereby accept the offer and agree to deliver the above described property at the price and upon the terms and conditions above stated. _____further agree to pay the broker above named as commission for his services herein, a sum of $.............. In the event said earnest money or deposit is forfeited by said purchaser, one-half thereof shall go to said broker and the remainder to _____provided, however, that the broker's portion shall not exceed the full amount of the commission herein specified.

Signed this ... _2d_ ... .... day of _Oct_ ......................19_47_

Witness:

_Paul W. Brannon_ (Seal)

_Janice Vollmuth_ ........................................................(Seal)

_Vera Youngan_ ........................................................(Seal)

........................................................(Seal)

Seller

## ACKNOWLEDGMENT

State of_____)
 ) SS.
County of_____)

 I, an officer authorized to take acknowledgments of deeds according to the laws of the State of Florida, duly qualified and acting, HEREBY CERTIFY that there did personally appear before me_____

_____

to me personally known, and this day acknowledged before me that ... . .........executed the foregoing instrument and I FURTHER CERTIFY that I know the said person . . ..... ...... .. making said acknowledgment to be the individual_____described in and who executed the said instrument. AND I FURTHER CERTIFY that the

said _____

is known to me to be the wife of the said_____
and that she this day acknowledges before me, separately and apart from her said husband, that she executed the said instrument freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, for the purpose of relinquishing and conveying all her right, title and interest in the property therein described, whether of dower or separate estate.

 In Witness Whereof, I hereunto set my hand and official seal at _____

said County and State, this _____ day of_____, A. D., 19____

_____
Notary Public State of Florida at Large

My Commission Expires_____19____

### ESCROW AGENT'S
### ACCEPTANCE OF TRUST AND ACKNOWLEDGMENT
### OF EARNEST MONEY

I hereby accept the trust under the within agreement and acknowledge receipt of the earnest money as designated above. Check or other negotiable paper will immediately be converted into CASH.

By_____
Escrow Agent

### CHECK FOLLOWING UPON CLOSING DEAL

| Dates | Acknowledgments | Insurance |
| Legal Descriptions | Documentary Stamps | Abstract Fee |
| Signatures | Receipt for Abstract | Recording Fees |
| Witnesses | Taxes and Assessments | Commission |

M & M BEACH OFFICE SUPPLY Phone 2811-11

Dated _____ 19_____

Property _____

Broker _____

Seller _____

Buyer _____

**Contract for Sale of Real Estate**

ADDENDUM #2

Seller: Paul Brannon
Buyer: Richard S Johnson &n Assignors

For in consideration of certain furniture not being included
in the transfer of assets of Magnolia Manor it is agreed to
by Paul Brannon that the $300,000.00 deposit may be reduced
to $880,000.00 and the sale of the park be reduced by the
the same $20,000.00 making the sale price $1,280,000.00;

EXHIBIT A-4

**84251298**

| | VALIDATION. |
| --- | --- |
| 01 Cash 11 CPD | |
| 40 Rec. | 11 5890 -ur 835 |
| 41 St. 5750.00 | |
| 42 Ser | 19 11247125 76 1. 49CD4 |
| 43 Int | |
| Tot 5725.00 | 41 5,258.00 |
| | TOTAL 5,857.00 OK |

THIS WARRANTY DEED, Made this _5-13_ day of ........ December...... A.D., 19..84.. between

Paul W. Brannon joined by his wife

Beulah P. Brannon

hereinafter called the Grantor, and ............................................................................

Magnolia Manor Home Owner's Association,

Inc., a Florida corporation

whose mailing address is ............................................................................

4190 71st Street North

St. Petersburg, Florida ........................ Zip 33709

hereinafter called the Grantee,

WITNESSETH, that the said Grantor, for and in consideration of the sum of ten dollars ($10.00) and other valuable considerations to said Grantor in hand paid, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said Grantee, and the Grantee's heirs, or successors, and assigns forever, all that certain parcel of land situate in said State and County legally described as follows, to wit:

The North 3/4 of the Northeast 1/4 of the Southeast 1/4 of the Southwest 1/4 LESS the East 30' for the Street. Also the Southeast 1/4 of the Northeast 1/4 of the Southwest 1/4 LESS the East 396' all being in Section 6, Township 31 South, Range 16 East, together with improvements thereon.

Subject to the easements in favor of the City of St. Petersburg and Florida Power Corporation and street right of way over east portion of property.

Subject to that certain Mortgage executed by Paul W. Brannon and Jane A. Brannon a/k/a Jane Anne Brannon, his wife, in favor of National Trust Bank of Florida, dated August 17, 1979, and recorded August 10, 1979, in O.R. Book 4899, Page 2063, Public Records of Pinellas County, Florida, in the original principal amount of $250,000.00. SAID MORTGAGE modified by that certain Mortgage Modification Agreement and Extension of Promissory Note, recorded in O.R. Book 5829, Page 949, Public Records of Pinellas County, Florida, which debt and mortgage the Grantee(s) assume and agree to pay.

Subject to that certain Mortgage executed by Paul W. Brannon, a single person, in favor of National Trust Bank of Florida, dated December 10, 1982, and recorded December 13, 1982, in O.R. Book 5442, Page 1368, Public Records of Pinellas County, Florida, in the original principal amount of $100,000.88, which debt and mortgage the Grantee(s) assume and agree to pay.

(continued on reverse side)

And the said Grantor does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever, except taxes for year ....19X5.... and subsequent.

"Grantor" and "Grantee" are used herein for singular or plural, as context requires and are context and indicated parties, or context requires.

Signed, sealed and delivered in the presence of:

_Paul W. Brannon_
PAUL W. BRANNON

_Beulah P. Brannon_
BEULAH P. BRANNON

STATE OF FLORIDA
COUNTY OF PINELLAS.

I HEREBY CERTIFY, That on this day personally appeared before me, an officer duly authorized to administer oaths and take acknowledgments, Paul W. Brannon and Beulah P. Brannon

Brannon, his wife ................................................................

to me well known and known to me to be the person described in and who executed the foregoing instrument and acknowledged before me that they executed the same for the purposes therein expressed.

WITNESS my hand and official seal this 5th day of December A.D. 19..84..

_tax $5850.00_

_William W. Pierce_
Notary Public

My Commission .........................

THIS INSTRUMENT PREPARED BY:

WILLIAM N. PIERCE, ATTORNEY

St. Petersburg, Florida 33707
PHONE (813) 323-8444

Subject to that certain Financing Statement from Paul W. Brannon and Jane A. Brannon, to National Trust Bank of Florida, filed August 27, 1979, in O.R. Book 4904, Page 172, Public Records of Pinellas County, Florida.
A CONTINUATION OF SAID FINANCING STATEMENT recorded in O.R. Book 5803, page 1935, Public Records of Pinellas County, Florida, which debt and mortgage the Grantee(s) assume and agree to pay.

117

LAW OFFICES

STOLBA, LOGAN, CONKLIN & VERONA, P.A.

LOUIS E STOLBA
WALT LOGAN
RAYMOND C. 'CHET' CONKLIN
JAY B VERONA
H JAMES LENTZ

408 PASADENA AVENUE SOUTH
POST OFFICE BOX 41734
ST PETERSBURG FLORIDA 33743
(813) 345-1686

OF COUNSEL
MICHAEL GAY

November 26, 1984

Magnolia Manor Residents Association, Inc. (CERTIFIED)
4190. 71st Street North
St. Petersburg, FL 33709

Re: Contract to sell Magnolia Manor to Richard S. Johnson

Gentlemen:

Please be advised that this office represents Mr. Richard S. Johnson incident to the above referenced matter.

On October 25, 1984, Mr. Johnson entered into a written contract, a copy of which is enclosed herein, for the purchase of Magnolia Manor from Mr. Paul Brannon. The closing on this contract is scheduled for November 30, 1984.

Subsequent to the execution of the contract, Mr. Brannon has indicated that that due to an assertion by the Association of a right of first refusal, he will be unable to close on the contract.

Based on my review of applicable Florida law, it appears that the Association has no such right, and Mr. Johnson fully intends to close on November 30.

Therefore, this letter is directed to the Association for the following purposes:

1. To put the Association on actual notice of the pendency of Mr. Johnson's contract and of the fact that he is ready, willing and able, and fully intends to close on November 30; and

2. To demand that the Association immediately cease and abandon its efforts to prevent the November 30 closing. If such efforts continue, Mr. Johnson will not hesitate to take appropriate legal action to protect his rights.

118

Magnolia Manor Residents Assoc., November 26, 1984, Page Two

I have forwarded a copy of this letter to Attorney John T. Allen, Esq., as it is my understanding that he represents the Association in this matter.

Sincerely,

STOLBA, LOGAN, CONKLIN & VERONA, P.A.

**JAY B. VERONA**

Jay B. Verona

JBV/mt

cc: John T. Allen, Jr., Esq.
 William H. Fleece, Esq.

119

PS Form 3811, Dec. 1980

● SENDER: Complete items 1, 2, 3, and 4.
Add your address in the "RETURN TO" space
on reverse.

**(CONSULT POSTMASTER FOR FEES)**

1. The following service is requested (check one).

☒ Show to whom and date delivered .................... ___¢

☐ Show to whom, date, and address of delivery.. ___¢

2. ☐ RESTRICTED DELIVERY ___¢

(*The restricted delivery fee is charged in addition to the return receipt fee.*)

**TOTAL $_____**

3. ARTICLE ADDRESSED TO:

MAGNOLIA MANOR RESIDENTS ASSOC.
4190 71st St. No.
St. Petersburg, FL 33709

| 4. TYPE OF SERVICE: | ARTICLE NUMBER |
|---|---|
| ☐ REGISTERED ☐ INSURED<br>☒ CERTIFIED ☐ COD<br>☐ EXPRESS MAIL | P 624 158 149 |

(Always obtain signature of addressee or agent)

I have received the article described above.

**SIGNATURE** ☐ Addressee ☒ Authorized agent

5.

DATE OF DELIVERY 11/27/84 POSTMARK

6. ADDRESSEE'S ADDRESS (Only if requested)

7. UNABLE TO DELIVER BECAUSE: | 7a. EMPLOYEE'S INITIALS

RETURN RECEIPT, REGISTERED, INSURED AND CERTIFIED MAIL

120

### ADDENDUM

To Contract for Sale and Purchase of
Magnolia Manor
Sellers: Paul W. Brannon
Buyer: Richard S. Johnson and Assignors

This sale is contingent upon the following:

1. Subject to Buyers' CPA review and approval of all income and expense items.
2. Subject to inspection of the real and personal property included in the sale.
3. Verification and approval of the utility charges.
4. Verification and approval of the real estate taxes.
5. Subject to Buyers' attorney review and approval.
6. Seller providing current termite inspection to reflect no live infestation of subterranean or dry termites with all repairs being the responsibility of the Seller on all structures owned by Paul Brannon within the Park to include house, garage and clubhouse.
7. That all 128 lots have health and rehabilitative service permits.
8. That model mobile home and contents and all its attachments be transferred to the Buyer. If this home on lot 70 is not transferred then price off
9. That lawn maintenance is excluded from Park's obligation to tenants.
*. (continuation) of park will be reduced by $25,000.00
ITEMS TO REMAIN WITH THE SALE OF THE PROPERTY AS PER ATTACHED DEPRECIATION SCHEDULE

Seller to pay for title insurance and documentary stamps.

Seller to provide new survey and should it not agree with the legal description, Buyer reserves right to cancel this Contract and receive a full refund of his deposit.

Seller may correct any discrepancies in the survey at his expense.

Seller understands that Buyer is a Florida Registered Real Estate Salesman and is buying for his own account.